**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3317-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOHN L. WILLIAMS, JR.,

     Defendant-Appellant.

_____

Submitted January 21, 2021 – Decided May 12, 2021

Before Judges Sumners and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment Nos. 12-03-0677 and 13-06-1587.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, on the brief).

PER CURIAM

Defendant John Williams, Jr., appeals from an order of the Law Division denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm substantially for the reasons set forth in Judge Guy P. Ryan's thoughtful and thorough written opinion. We add only the following comments.

A jury found defendant guilty of second-degree eluding, N.J.S.A. 2C:29-2(b). Before he was sentenced, defendant plead guilty to charges arising under a separate indictment, to third-degree possession of heroin with intent to distribute within a school zone, N.J.S.A. 2C:35-7(a), third-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and (b)(3), third-degree possession of Oxycodone with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and (b)(5), third-degree possession of Suboxone with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and (b)(13), third-degree possession of Alprazolam with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and (b)(13), and fourth-degree possession of marijuana with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and (b)(12). (4T5:7-6:2).

Defendant's jury conviction arose from his attempt to flee from a police officer while operating a Toyota Camry. Defendant was initially observed by Manchester Township Police Officer Adam Guker traveling east on Route 571 at approximately twenty miles per hour in a fifty-mile-per-hour zone.

Immediately after Guker passed the Camry in his patrol car, defendant made a left, crossing three lanes of traffic, onto a side street. Guker briefly lost sight of the vehicle, and when he caught sight of it again, activated his overhead lights. Defendant did not pull over. As the Camry approached Route 571, Guker activated his siren. After failing to heed a stop sign, defendant turned right onto Route 571. He traveled down Route 571 for a short distance before making a right onto another side street. Defendant traveled about halfway down the block, in the wrong lane, before coming to a stop on the left side of the road.

Defendant was ordered out of the vehicle, handcuffed, and searched. A razor blade wrapped in duct tape was discovered in his back pocket. After verifying his credentials, Guker learned defendant's license was suspended and the vehicle was not registered in his name. Backup arrived shortly after the stop was initiated. Officer Danny Barker noticed the Camry's front end appeared to be damaged. After retracing defendant's route of travel, he discovered a damaged chain link fence near the road. Barker spoke to the homeowner at that address, who indicated that the fence was not damaged when he went to bed the night before. The officers concluded defendant ran into the fence while out of Guker's view. Defendant was arrested and issued thirteen traffic citations.

A-3317-18

While awaiting trial, defendant was pulled over by an officer of the Toms River Police Department for failing to use a turn signal, N.J.S.A. 39:4-81, driving with a suspended license, N.J.S.A. 39:3-40, and failing to heed a stop sign, N.J.S.A. 39:4-144. A search of defendant revealed that he was in possession of cocaine, Alprazolam, Oxycodone, heroin, marijuana, and Suboxone. Defendant was arrested and issued three traffic citations.

Defendant pled not guilty to the eluding charge, opting to go to trial. At trial, the State presented the testimony of Guker and Barker, as well as the owner of the damaged fence. Portions of the video footage captured by Guker's dash-camera were also played for the jury. At the close of the State's case, the trial judge engaged in a lengthy colloquy with defendant regarding his decision to testify. The judge explained his rights and that the State would be permitted to present evidence of his prior convictions to impeach his credibility.[1] The judge then granted a seventy-five-minute recess to allow defendant to confer with his

---

[1] Prior to trial, the judge ruled that if defendant testified, the State would be permitted to introduce evidence of six of his prior convictions, including fourth-degree failure to register as a sex offender, N.J.S.A. 2C:7-2(d), criminal trespass, N.J.S.A. 2C:18-3, second-degree possession of a controlled dangerous substance with intent to distribute within 500 feet of a public park, N.J.S.A. 2C:35-7.1, and three counts of third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10.

A-3317-18

attorney. When the parties returned, defendant waived his right to testify. The following day, the jury convicted him of eluding.

Once convicted, defendant pled guilty, pursuant to a negotiated agreement, to six of the seventeen drug-related offenses. In exchange for his guilty plea, the State recommended an aggregate eight-year term of incarceration on the drug-related charges with a three-year period of parole ineligibility pursuant to the Brimage Guidelines,[2] for count six—possession of heroin with intent to distribute within a school zone, N.J.S.A. 2C:35-5(a)(1) and (b)(3). The judge carefully explained the maximum penal exposure and fines associated with each of the charges. The judge explicitly noted the three-year period of parole ineligibility included in the State's offer. Defendant confirmed that he understood his rights, the charges, and the potential penal exposure he faced, before defense counsel elicited a factual basis for the plea. The judge found the plea was freely and voluntarily entered.

On September 19, 2014, defendant was sentenced to a ten-year term of incarceration with a three-year period of parole ineligibility on the eluding conviction. He was also sentenced, in accordance with the State's recommendation, to an aggregate eight-year term of incarceration with a three-

---

[2] State v. Brimage, 153 N.J. 1 (1998); see also N.J.S.A. 2C:43-6(f).

year period of parole ineligibility on the drug-related convictions. On direct appeal, this court affirmed defendant's eluding conviction and sentence. State v. Williams, No. A-1289-14 (App. Div. July 15, 2016) (slip op. at 4). The Supreme Court denied certification. State v. Williams, 228 N.J. 80 (2016).

On December 22, 2016, defendant filed a pro se petition for PCR. Defendant's pro se petition raised the following arguments:

POINT I

[DEFENDANT] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY BOTH THE [SIXTH] AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE [ONE] PARAGRAPH [TEN] OF THE NEW JERSEY STATE CONSTITUTION[] DUE TO TRIAL COUNSEL'S FAILURE TO FOLLOW THROUGH WITH SUPPRESSION MOTION.

POINT II

[DEFENDANT] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY BOTH THE [SIXTH] AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE [ONE] PARAGRAPH [TEN] OF THE NEW JERSEY STATE CONSTITUTION[] DUE TO TRIAL COUNSEL'S FAILURE [TO] REVIEW OR INFORM DEFENDANT OF PLEA OPTIONS, SEEK [A] FAVORABLE PLEA, OR CHALLENGE THE VALIDITY OF THE PLEA OFFERED BY THE STATE.

POINT III

6

[DEFENDANT] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY BOTH THE [SIXTH] AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE [ONE] PARAGRAPH [TEN] OF THE NEW JERSEY STATE CONSTITUTION[] DUE TO TRIAL COUNSEL'S ALLOWANCE OF AN ILLEGAL EXTENDED TERM.

POINT IV

[DEFENDANT] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY BOTH THE [SIXTH] AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE [ONE] PARAGRAPH [TEN] OF THE NEW JERSEY STATE CONSTITUTION[] DUE TO TRIAL COUNSEL'S FAILURE TO CHALLENGE THE MISAPPLICATION OF MANDATORY MINIMUM SENTENCING GUIDELINES, AND [ITS] DUE PROCESS.

POINT V

THE [BRIMAGE] PLEA OFFERED BY THE STATE WAS VINDICTIVE, AND IN VIOLATION OF . . . DUE PROCESS GUARANTEED BY BOTH THE [FIFTH] AND [FOURTEENTH] AMENDMENT OF THE UNITED STATES CONSTITUTION[] AND ARTICLE [ONE] OF PARAGRAPH [ONE] OF THE NEW JERSEY STATE CONSTITUTION.

POINT VI

[DEFENDANT] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY BOTH THE [SIXTH] AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE

A-3317-18

[ONE] PARAGRAPH [TEN] OF THE NEW JERSEY STATE CONSTITUTION[] DUE TO TRIAL COUNSEL'S FAILURE TO CHALLENGE THE WEAKNESSES AND THE VALIDITY OF ARREST[] INCLUDING THE REFUSAL TO PLACE NEW PROBATION SENTENCE ON RECORD WITH COURT.

POINT VII

[DEFENDANT] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY BOTH THE [SIXTH] AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE [ONE] PARAGRAPH [TEN] OF THE NEW JERSEY STATE CONSTITUTION[] DUE TO TRIAL COUNSEL[] COERCING DEFENDANT TO INVOLUNTARILY ACCEPT A PLEA, FAILING TO INFORM CLIENT OF SERIOUS CHARGES IN [THE] PLEA, AND FAILING TO INFORM DEFENDANT OF HIS EXPOSURE TO THE STATE'S PETITION TO REFUSE PAROLE.

POINT VIII

[DEFENDANT] WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY BOTH THE [SIXTH] AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE [ONE] PARAGRAPH [TEN] OF THE NEW JERSEY STATE CONSTITUTION[] DUE TO TRIAL COUNSEL'S FAILURE TO PETITION THE COURT FOR A PSYCHIATRIST TO EXAMINE/EVALUATE DEFENDANT TO ESTABLISH THAT HE WAS COMPETENT TO ENTER A GUILTY PLEA, AND FAILING TO OBTAIN A COMPLETE COPY OF DEFENDANT'S MENTAL HEALTH RECORDS, DIAGNOSES, MEDICATIONS HE WAS TAKING,

8

AND HIS BEING HOUSED ON THE SPECIAL NEEDS UNIT OF THE COUNTY JAIL.[3]

On September 17, 2018, defendant's assigned counsel filed a supplemental brief.

On January 11, 2019, Judge Ryan denied defendant's petition without an evidentiary hearing.

On appeal, defendant raises the following arguments for our consideration:

> POINT I
>
> THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING BECAUSE TESTIMONY IS NEEDED REGARDING THE CIRCUMSTANCES SURROUNDING [DEFENDANT'S] DECISION TO PLEAD GUILTY UNDER INDICTMENT [No.] 13-06-1587.
>
> POINT II
>
> THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING BECAUSE TESTIMONY IS NEEDED REGARDING TRIAL COUNSEL'S FAILURE TO HAVE DEFENDANT TESTIFY ON HIS OWN BEHALF AT TRIAL UNDER INDICTMENT [No.] 12-03-0677.

---

[3] All of the issues raised in defendant's pro se petition were comprehensively addressed in Judge Ryan's well-reasoned decision and were rejected as without merit. After careful review of the record, we agree and therefore find defendant's pro se arguments do not warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Where, as here, the PCR judge "did not hold an evidentiary hearing on the claim defendant now raises on appeal, we 'conduct a de novo review.'" State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018) (quoting State v. Harris, 181 N.J. 391, 421 (2004)); see also State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016). The decision to proceed without an evidentiary hearing is reviewed for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall, 148 N.J. 89, 157-58 (1997)). A "[d]efendant must demonstrate a prima facie case for relief before an evidentiary hearing is required, and the court is not obligated to conduct an evidentiary hearing to allow defendant to establish a prima facie case not contained within the allegations in his PCR petition." State v. Bringhurst, 401 N.J. Super. 421, 436-37 (App. Div. 2008).

It is virtually axiomatic that in order for defendant to obtain relief based on ineffective assistance grounds, he is obliged to show not only the particular manner in which counsel's performance was deficient, but also "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987). A defendant must make those showings by presenting "more than bald assertions that he [or she]

was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). We are persuaded that the alleged deficiencies here clearly fail to meet either the performance or prejudice prongs of the Strickland test.

Defendant's argument that counsel failed to adequately prepare him to decide whether to accept a plea offer is belied by the record. At the plea hearing, both the prosecutor and the judge informed defendant of the recommended sentence he faced under the terms of the plea agreement:

> [PROSECUTOR]: Judge, I would note the recommendation on this case is [eight] years[s] New Jersey State Prison over a [thirty-six]-month period of parole ineligibility pursuant to Brimage guidelines, N.J.S.A. 2C:43-6[(f)], on [c]ount [six], concurrent to all other counts in this indictment.
>
> [4T5:7-11.]
>
> [THE COURT]: Okay. Additionally, [the prosecutor], on behalf of the State, is recommending to the [c]ourt at the time of sentencing that you receive on this charge an [eight]-year New Jersey State[] Prison sentence with a [thirty-six]-month parole ineligibility on [c]ount [six] concurrent to all other counts in this indictment and that it is . . . open[-]ended to the second-degree trial verdict for the eluding charge without any sentence recommendation.
>
> Do you understand all of that?
>
> [DEFENDANT]: Yes.

Q: Any questions about that at all?

A: No.

. . . .

Q: Okay. Now you've had enough time over the period that we've been dealing with these cases to talk to [defense counsel]; is that correct?

A: Yes.

Q: And you've gone over in this case all of the discovery and the evidence in this case with her; correct?
A: Yes.

Defendant's bald assertion that he was inadequately counseled about his decision to plead guilty to the drug charges is clearly unsupported, and, in fact, contradicted by the record.

Similarly, the record is fatal to defendant's bald assertion that his trial counsel pressured him to waive his right to testify. Significantly, prior to his waiver, the trial judge afforded defendant seventy-five minutes to confer with trial counsel regarding his decision. When defendant returned, the judge conducted the following colloquy:

THE COURT: And, [defendant], have you made a conscious decision with respect to testifying in this case?
[DEFENDANT]: Yes.

12

THE COURT: All right. And did you have a full and fair opportunity to make that decision after discussing this with your attorney, [defense counsel]?

[DEFENDANT]: Yes, I did.

THE COURT: You do understand, as I explained to you before, that you have a constitutional right not to testify at this hearing?

DEFENDANT: I do.
. . . .

THE COURT: Has anyone threatened you or forced you in making your decision as to whether you want to testify?

[DEFENDANT]: No.

THE COURT: You're doing so of your own free will?

[DEFENDANT]: Yes, I am.

THE COURT: All right. And what, if I [may] ask, what is your decision as far as your giving testimony or not giving testimony?

[DEFENDANT]: To waive my right to testify.

The record clearly illustrates that defendant made a knowing and voluntary decision not to take the stand. See State v. Ball, 381 N.J. Super. 545, 557 (App. Div. 2005) (rejecting a Strickland claim where, "regardless of whether defendant was advised by counsel, the trial judge fully explained defendant's

right to testify, the possible consequences of his choice and the option to have the jury instructed to draw no inference from defendant's choice not to testify").

Defendant's argument that his trial counsel failed to introduce evidence of his intoxication on Seroquel at the time of the eluding offense, allegedly rendering him unaware the officer was attempting to pull him over, is another bald assertion, unsupported by medical or other evidence, that does not warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3317-18